UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>MARYLAND PAROLE COMMISSION, and MR. NEVERDON[1], *H.O., Commissioner of Parole*<br><br>    Defendants. | Civil Action No. BAH-23-762 |

MEMORANDUM OPINION

On March 17, 2023, self-represented Plaintiff Kenneth Walker filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his rights were violated during his parole consideration. ECF 1. Defendants Maryland Parole Commission and Hearing Officer ("H.O.") Neverdon (collectively "Defendants") filed a motion to dismiss, or in the alternative, for summary judgment. ECF 11. Walker was advised of his opportunity to respond to the dispositive motion and the risks of failing to do so. ECF 12 (Rule 12/56 notice). Walker has not responded. No hearing is necessary to determine the matters pending. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Defendants' motion is treated as a motion to dismiss and granted.

I.    BACKGROUND

A. Walker's Allegations

In his complaint, Walker states that as a result of his "unfair and . . . unjust parole hearing" he has had to stay in prison too long and has experienced difficulties other inmates do not experience. ECF 1, at 3. Walker states that after he appeared at a parole hearing before H.O.

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Defendant Neverdon's name.

Neverdon, no decision was made in his case for 18 months. *Id*. Walker explains that the delay was intended to provide him an opportunity to prove he was not guilty of then pending criminal charges. *Id*. Those charges were ultimately dismissed, however, when Walker again appeared before Neverdon, and his parole was denied based on "petty" institutional infractions that were unrelated to his criminal charges. *Id*. Walker asserts that the Defendants' conduct at his parole hearing violated his Eighth and Fourteenth Amendment rights. *Id.* Walker seeks compensatory damages and injunctive relief that H.O. Neverdon be removed from his position with the Parole Commission. ECF 1, at 4.

### B. Defendants' Motion

Defendants filed a motion seeking dismissal of the complaint, or in the alternative, summary judgment in their favor. ECF 11. Defendants assert that the complaint should be dismissed because: (1) the Parole Commission is not a person amenable to suit under § 1983; (2) the Parole Commission and Neverdon, in his official capacity, are entitled to Eleventh Amendment immunity; (3) Walker has failed to state a claim under either the Eighth or Fourteenth Amendment; (4) they are entitled to summary judgment; and (5) Neverdon is entitled to qualified immunity. *See* ECF 11, at 6–13.

In support of their alternative motion for summary judgment, Defendants submitted the affidavit of Parole Chairman Blumberg (ECF 11-3), pertinent portions of Walker's parole file (ECF 11-5; ECF 11-6; ECF 11-7; ECF 11-8; ECF 11-13; and ECF 11-15), and Division of Correction records (ECF 11-4; ECF 11-12; ECF 11-14; ECF 11-15).

### i.      Chairman Blumberg

Maryland Parole Commission Chairman David Blumberg explains that when an inmate who is being considered for parole has an open criminal charge, the Commission's policy is to

wait for the disposition of those charges before issuing a final parole decision, because the new charge can affect parole eligibility. ECF 11-3, at 1–2 ¶ 4. Chairman Blumberg further explains that an administrative refusal of parole is not a final parole decision, and therefore, may not be appealed. *Id*. at 2 ¶ 5. In cases where parole is refused administratively, another hearing may or may not be held before a final decision is issued. *Id*.

### ii. Walker's Parole and DOC Records

On August 17, 2016, Walker was sentenced to a 15-year term of confinement, with all but 10 years suspended, beginning on April 2, 2015, for first degree assault, with two concurrent one-year sentences for the unlawful taking of a motor vehicle and theft. ECF 11-4.

On February 5, 2020, after being notified of his upcoming parole hearing, Walker reviewed his parole file and agreed with the contents of the file. ECF 11-5; ECF 11-6. Walker appeared before H.O. Neverdon on April 29, 2020, for his first parole hearing. ECF 11-7. Neverdon recommended Walker be considered for parole again in August 2021. *Id*. Commissioner Christopher Reynolds adopted Neverdon's recommendation. *Id*.

On September 2, 2021, after receiving notification of his second parole hearing, Walker again reviewed his parole file and indicated his agreement with its contents. ECF 11-8; ECF 11-9. Walker's second parole hearing was conducted by Neverdon on November 9, 2021. ECF 11-10. At the time of this hearing, Walker had pending criminal charges in the District Court of Maryland for Anne Arundel County. *Id*. at 2. As such, Neverdon recommended an administrative refusal of parole. *Id*. Commissioner Robyn Lyles adopted Neverdon's recommendation. *Id*. at 2.

In March 2022, Walker notified the Parole Commission that his criminal charges had been dropped and forwarded a "Release from Commitment" dated February 15, 2022. ECF 11-11, at 1, 3, and 6. The charges were dismissed on July 26, 2022. ECF 11-14, at 1, 4. In his letter, Walker

3

stated that he should be granted parole and asked the Commission to advise him of their decision. ECF 11-11, at 2.

Neverdon did not conduct another parole hearing. ECF 11-3, at 2 ¶ 6. Instead, he reviewed Walker's recent inmate disciplinary history and printed out portions of Walker's recent institutional infractions. ECF 11-12.

On June 2, 2022, Neverdon recommended Walker be denied parole due to his recent institutional infraction history. ECF 11-13, at 1. Commissioner Lyles adopted Neverdon's recommendation on June 6, 2022. *Id*. at 2; ECF 11-14. That decision was mailed to Walker on August 30, 2022. ECF 11-16. Walker did not appeal. ECF 11-3, at 2 ¶ 7.

## II.     STANDARD OF REVIEW

Defendants argue that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or that summary judgment should be granted in their favor pursuant to Fed. R. Civ. P. 56.

A motion to dismiss for lack of subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187,

192 (4th Cir. 2009) (alteration in original) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (citing *Adams*, 697 F.2d at 1219); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Defendants assert that their claim to Eleventh Amendment immunity is governed by Rule 12(b)(1).

A motion to dismiss for failure to state a claim upon which relief may be granted is governed by Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir.2009)); *see also Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (2018); *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs.,*

*Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Paradise Wire & Cable Defined Benefit Pension Fund Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Twombly*, 550 U.S. at 557); *see also Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). Put another way, "an unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that

'the defendant is liable for the misconduct alleged.'" *A Soc'y Without a Name v. Comm'w of Va.*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Motions styled in this manner implicate a court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where a plaintiff has notice that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When a movant expressly captions its motion to dismiss "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261; *see also Willey v. Bd. of Educ. of St. Mary's Cnty.*, 557 F. Supp. 3d 645, 657 (D. Md. 2021) ("Notably, 'the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56 motion.'" (quoting *Ridgell v. Astrue*, Civ. No. DKC–10–3280, 2012 WL 707008, at *7 (D. Md. Mar. 2, 2012)).

The Court is mindful, however, that Walker is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson*, 551 U.S. at 94. But liberal construction does not "transform the court into an advocate," and only questions which are "squarely presented" may be considered. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Because Defendants filed their motion as a motion to dismiss, or in the alternative, for summary judgment, Walker was on notice that the Court could treat the motion as one for summary judgment and rule on that basis. Nevertheless, the Court resolves Walker's claims without consideration of the exhibits filed in support of Defendants' dispositive motion and dismisses Walker's claims for the reasons that follow.

### III.  DISCUSSION

#### A.  Eleventh Amendment Immunity

Walker raises constitutional claims against a state employee as well as against state agency Maryland Parole Commission. Under the Eleventh Amendment of the United States Constitution, a state, its agencies, and its departments are immune from citizen suits in federal court absent state consent or congressional action. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *See Brandon v. Holt*, 469 U.S. 464, 471–72 (1985). The State of Maryland has not waived such immunity for claims of constitutional violation brought under § 1983. *See Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020). Accordingly, Walker's constitutional claims against H.O. Neverdon in his official capacity as well as his constitutional claims asserted against Maryland Parole Commission, are dismissed. In contrast, the Eleventh Amendment does not bar Walker's request for prospective injunctive relief. *Id*. (citing *Edelman v. Jordan*, 415 U.S. 651, 664 (1974).

#### B.  Fourteenth Amendment

The Fourteenth Amendment guarantees that states may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To maintain a due

process claim, the claimant must first establish the existence of a protected property or liberty interest. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). If a protected property or liberty interest is identified, "the question remains what process is due." *Id.*

In Maryland, the relevant statutes and regulations "do[] not create a legitimate expectation of parole release," so inmates have "no right protected by the due process clause" associated with the parole process. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *see also Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7–8 (1979) (holding that there is no constitutionally guaranteed liberty interest in parole). In Maryland, a liberty interest in parole arises only after the inmate is served with an Order of Parole. *Patuxent Inst. Bd. of Rev. v. Hancock*, 620 A.2d 917, 931 (Md. 1993); *see also McLaughlin-Cox v. Md. Parole Comm'n*, 24 A.3d 235, 240 (Md. App. 2011) (Maryland statutes governing parole consideration do not create a liberty interest protected by the Fifth and Fourteenth Amendments to the U.S. Constitution). Here, Walker does not allege that an Order of Parole was issued to him. Accordingly, he has failed to establish a liberty interest for which process was due and cannot assert a due process violation. *See Henderson v. Simms*, 223 F.3d 267, 275 (4th Cir. 2000) (noting that "[w]ith no liberty interest to protect, there is no violation of due process").

To the extent Walker intended to bring a Fourteenth Amendment equal protection claim regarding his denial of parole, that claim also fails. The Equal Protection Clause generally requires the government to treat similarly situated people alike. *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Walker has made no such allegation

other than his vague assertion that he went through "issues that other inmates are not going through." ECF 1, at 3.  Walker has failed to adequately allege unequal treatment that was caused by intentional or purposeful discrimination.

Moreover, as Maryland inmates do not have a constitutionally protected right to have a parole hearing, they cannot state an equal protection claim.  *Paoli v. Lally*, 812 F.2d 1489, 1493–94 (4th Cir. 1989) (holding plaintiff's rights to due process, equal protection, and under the Eighth Amendment were not violated when the Parole Commission failed to schedule a rehearing after plaintiff was denied parole).[2]

### C. Eighth Amendment

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016).  "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment."  *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017).  Here, Walker has failed to allege facts sufficient to state an Eighth Amendment claim.  *See Paoli*, 812 F.2d at 1493–94 (holding failure to order a parole hearing did not state an Eighth Amendment

---

[2] The provision of the Maryland Code cited by the *Paoli* Court has since been updated, but the same principle remains true.  *See* Md. Code Ann., Corr. Servs. § 7-301(a)(1) (providing that "the Commission shall request that the . . . Division of Correction make an investigation for incarcerated individuals . . . that will enable the Commission to determine the advisability of granting parole to" an eligible incarcerated individual); Md. Code Regs. ("COMAR") 12.08.01.17(A)(1)(c) (permitting the Commission to refuse a parole hearing when, "[f]ollowing a review without a hearing, the Commission determines that no useful purpose would be served by a hearing"); COMAR 12.08.01.23(B) (giving Commission officials discretion to hold a rehearing upon request of an incarcerated individual).

claim). Rather than impose additional punishment, the denial of parole simply resulted in Walker having to serve the judicially imposed sentence.

### D. Injunctive Relief

Walker also seeks injunctive relief in asking that H.O. Neverdon be removed from his position. A party seeking a preliminary injunction or temporary restraining order must establish each of the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Failure to establish one of these elements is fatal to the request for injunctive relief. For the reasons discussed herein, Walker has failed to demonstrate the likelihood of success on the merits. Therefore, his request for injunctive relief must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion, construed as a motion to dismiss, is granted. A separate Order follows.

Date: June 27, 2024

                                                          /s/
                                        Brendan A. Hurson
                                        United States District Judge